```
                                                            FILED
                                                      .. DISTRICT COURT

UNITED STATES DISTRICT COURT                          2014 DEC 15  PM 1:02
SOUTHERN DISTRICT OF NEW YORK
                                                      S.D. OF N.Y.W.P.
```

| | |
|---|---|
| Jasbrinder Sahni ) | |
|     PLAINTIFF, ) | |
| ) | |
| -AGAINST- ) | COMPLAINT |
| ) | |
| Staff Attorneys Association, National ) | |
| Organization of Legal Services Workers, ) | JURY TRIAL REQUESTED |
| Legal Services of the Hudson Valley, and ) | |
| Jackson Lewis, PC, ) | **14 CIV. 9873** |
| ) | |
|     DEFENDANTS. ) | |

Plaintiff Jasbrinder Sahni, by and through its attorneys, Law Offices of Jas Sahni, states and affirms as under:

## PARTIES

1. Plaintiff Jasbrinder Sahni is a former employee of Defendant Legal Services of the Hudson Valley and resides at 10 Woods Way, White Plains, NY 10605, Telephone # 917-239-5170.

2. Defendant Staff Attorneys Association ("SAA") is a "labor organization" as defined under the National Labor Relation Act, 29 U.S.C. §§ 151-169 and operates from 90 Maple Avenue, White Plains, NY 10605. Mr. Sahni was a former member of SAA.

3. Defendant National Organization of Legal Services Workers ("NOLSW") is a "labor organization" as defined under NLRA and is a unit of the United Auto Workers local 2320. NOLSW conducts business from 256 W. 38th Street, Suite 705, New York, NY 10018. SAA is a member of NOLSW, which represents a large

number of local unions such as SAA. SAA and NOLSW hereinafter are collectively referred to as the "Union."

4. Defendant Legal Services of the Hudson Valley ("Employer") is a not-for-profit law firm. The Employer's principal place of business is located at 90 Maple Avenue, White Plains, NY 10601.

5. Defendant Jackson Lewis P.C. ("Jackson Lewis") is a law firm and represents the Employer in legal matters. Jackson Lewis business address is 44 South Broadway, 14th Floor, White Plains, NY 10601

## BASIS FOR JURISDICTION

6. This action is brought pursuant to Labor Management Relations Act §301 (c), 29, USC §185) (c),

## STATEMENT OF FACTS

7. In May of 2008 Mr. Sahni was employed as a Staff Attorney with the Employer in its White Plains office. The terms and condition of Mr. Sahni's employment were subject to a collective bargaining agreement ("CBA").

8. In December of 2011, the Employer involuntarily transferred Mr. Sahni to its Mount Vernon office with new job responsibilities. The Union grieved the decision and the grievance was denied. Thereafter, the Union decided to arbitrate the decision to involuntarily transfer Mr. Sahni before American Arbitration Association ("AAA").

9. On April 7, 2012, the Employer suspended Mr. Sahni without pay and the Union grieved the decision. On May 16, 2012, the Employer denied the grievance and the Union again decided arbitrate the suspension before AAA. The grievances

relating to involuntary transfer and to suspend Mr. Sahni are hereinafter collectively referred to as the "Arbitrations."

10. Between June 2012 and February 2013, NOLSA repeatedly represented to Mr. Sahni that it was pursuing the Arbitrations.

11. In addition during the same period NOLSA scheduled numerous lunch meetings with Mr. Sahni that were supposedly scheduled to prepare him and to discuss production of documents from the Employer.

12. Between June of 2012 and January of 2013, Mr. Sahni made numerous requests to NOLSW to provide him with the Notice of Arbitration. However, Mr. Sahni did not receive any such document.

13. In February of 2013, Mr. Sahni complained to NOLSW's Regional Director.

14. As a result, in February of 2013 NOLSW filed a Notice of Arbitration with the AAA and provided Mr. Sahni its copy.

15. Thereafter, NOLSW again failed to update Mr. Sahni about the status of the Arbitrations.

16. Therefore, in or about June of 2013, Mr. Sahni filed a charge with National Labor Relation Board ("NLRB'). Upon information and belief, thereafter NOLSW took steps and provided a list of arbitrators to Mr. Sahni. Therefore, Mr. Sahni withdrew this charge.

17. However, the Arbitrations were again stalled when in December of 2013 the Employer, through its attorneys Jackson Lewis, filed a petition in the Westchester Supreme Court for an order seeking stay of the Arbitration.

18. Upon information and belief, the petition to stay arbitration was filed in collusion with NOLSW to further delay the Arbitrations.

19. In or around January of 2014, NOLSW informed Mr. Sahni that the Employer was withdrawing the petition.

20. Upon information and belief, the stipulation to withdraw the petition was not filed timely with the Court and the Arbitrations were further delayed.

21. Thereafter, upon information and belief, NOLSW, the Employer, through its attorneys Jackson Lewis, in collusion with each other continued to delay the Arbitration by failing to keep the deadline as set by the AAA.

22. In or around April of 2014, Mr. Sahni filed a second charge with NLRB and, as a result in or around June of 2014 NOLSW informed him that a hearing before the arbitrator was scheduled for September 19, 2014. NOLSW also informed Mr. Sahni that it was taking steps to request documents that are necessary for the Arbitrations. NOLSW further represented to Mr. Sahni that a preliminary hearing will be scheduled before the arbitrator to discuss the Documents Demand. Therefore, Plaintiff withdrew the second charge.

23. Mr. Sahni later learned that NOLSW had neither made any document request nor requested a preliminary conference with the arbitrator.

24. On or about September 17, 2014, Mr. Sahni learnt that NOLSW and the Employer through its attorneys Jackson Lewis had adjourned the Arbitrations.

25. Upon information and belief, the adjournment was done to further delay the Arbitrations.

26. Since then and despite Mr. Sahni's request NOLSW has refused to update him regarding the date of the hearing on the Arbitrations.

27. SAA has failed, and is refusing, to take reasonable steps to ensure that the Arbitrations are not further delayed.

28. On September 24, 2014 the Employer terminated Mr. Sahni from his employment.

29. Mr. Sahni requested the Union to grieve his termination from employment and he provided them the requested information/documents.

30. After the 45-day period to grieve a decision under the CBA expired, Mr. Sahni learned that the Union had decided not to grieve Employer's decision to terminate him. Neither did he hear any reason for not grieving the termination from the Union.

### As And For Causes of Action Against the Union (SAA and NOLSW)

31. The foregoing facts are incorporated herein and the same are not repeated for the sake of brevity.

32. The Union's decision not to arbitrate Mr. Sahni's termination constitutes failure to fairly represent Mr. Sahni under the Labor Management Relations Act ("LMRA") and breach of its obligation under the CBA.

33. Upon information and belief, the alleged reason (which are yet to be disclosed) for not grieving Mr. Sahni's termination are arbitrary and retaliatory.

### As And For Causes of Action Against NOLSW

34. The foregoing facts are incorporated herein and the same are not repeated for the sake of brevity.

35. The manner in which NOLSW has handled Mr. Sahni's Arbitrations (regarding the Employer's decision to involuntarily transfer Mr. Sahni's, and his subsequent suspension) constitutes failure to fairly representation Mr. Sahni under the LMRA and the CBA.

### As And For Causes of Action Against SAA

36. The foregoing facts are incorporated herein and the same are not repeated for the sake of brevity.

37. SAA's failure to ensure that NOLSW does not unreasonably delay the Arbitrations constitutes its failure to fairly represent Mr. Sahni under LMRA and breach of its obligation under the CBA.

### As and For Causes of action against the Employer and Jackson Lewis

38. The foregoing facts incorporated herein and the same are not repeated for the sake of brevity.

39. The Employer's decision to terminate Mr. Sahni from his employment on September 24, 2014 constitutes wrongful discharge and breach of the CBA.

40. The Employer and its attorneys, Jackson Lewis, violated §8303 of Civil Practice Law and Rules, Rule 22 NYCRR 130-1.1 and New York Rules of Professional Conduct when they, upon information and belief, aided and abetted with NOLSW to delay the Arbitrations.

### As and For Causes of action against the Employer, Jackson Lewis and NOLSW

41. The foregoing facts incorporated herein and the same are not repeated for the sake of brevity.

42. The Employer, Jackson Lewis and NOLSW committed fraud upon Mr. Sahni.

43. The Employer, Jackson Lewis and NOLSW breached the implied covenant of good faith of the CBA when they aided and abetted with each other to delay the Arbitrations.

**WHEREFORE**, Plaintiff Sahni requests the Court to enter an Order finding that:

(a) SAA and NOLSW failed to fairly represent Mr. Sahni in the Arbitration violation of LMRA and the CBA.

(b) SAA and NOLSW decision not to grieve Mr. Sahni's termination constitutes their failure to fairly represent under LMRA and the CBA, and their alleged reason (which is yet to be disclosed) is arbitrary and discriminatory.

(c) SAA and NOLSW have breached the contract executed between them that was entered for the benefit SSA's members and Mr. Sahni.

(d) The Employer's decision to involuntary transfer Mr. Sahni to a new geographical location with new responsibilities and his subsequent suspension without pay constitutes retaliation for his union activities and/or violates the CBA.

(e) The Employer's decision to terminate Mr. Sahni from his employment on September 24, 2014 constitutes wrongful discharge;

(f) Mr. Sahni is entitled to reinstatement to his original position;

(g) Mr. Sahni is entitled to compensatory damages, including lost salary and fringe benefits with interest;

(h) Mr. Sahni is entitled to removal of all false and derogatory material that was placed in his personnel file;

(i) Mr. Sahni is entitled to penal damages that are to be determined at a trial.

(j) Mr. Sahni is entitled to costs and legal fees; and

...

      (k) Such other relief the Court deems just and proper under the circumstances;

I declare under penalty of perjury that the foregoing is true and correct.
December 14, 2014

                                                          Jasbrinder Sahni
                                                        10 Woods Way
                                          White Plains, NY 10605
                                                   (917) 239 5170