UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/13/2016

JASBRINDER SAHNI,

           Plaintiff,

-against-

STAFF ATTORNEYS ASSOCIATION, NATIONAL ORGANIZATION OF LEGAL SERVICES WORKERS, and LEGAL SERVICES OF THE HUDSON VALLEY,

           Defendants.

No. 14-cv-9873 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Presently before the Court are the motions of Defendants the Union (ECF No. 38) and LSHV (ECF No. 40) for reconsideration of this Court's March 23, 2016 Opinion and Order (ECF No. 35, or the "Motion to Dismiss Opinion"). Familiarity with the Motion to Dismiss Opinion is assumed.

## LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). "The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict." *Targum v. Citrin Cooperman & Company, LLP*, No. 12-cv-6909 (SAS), 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). A motion to reconsider "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted); *see also Nat'l Union Fire*

*Ins. Co. of Pittsburgh, PA v. Stroh Cos.,* 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press,* No. 97-cv-690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (Mukasey, J.) (in moving for reconsideration, "'a party may not advance new facts, issues, or arguments not previously presented to the Court.'"). They "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys,* 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig,* 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05-cv-3430, 05-cv-4759, & 05-cv-4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

## DISCUSSION

**I.      LSHV Motion for Reconsideration**

LSHV seeks reconsideration of the Court's determination to uphold Plaintiff's claim for breach of the CBA in connection with LSHV's termination of Plaintiff's employment.  In the Motion to Dismiss Opinion, the Court declined to reach the merits of the breach of CBA claim, as LSHV did not appear to move on that claim.

On reconsideration, LSHV directs the Court to a footnote in its initial moving papers in support of its argument for dismissal of Plaintiff's breach of CBA claim ("Footnote 31").  (ECF No. 17 at 11, n. 3.)  In that footnote, LSHV seeks to adopt and apply its arguments in support of dismissal of Plaintiff's breach of the implied covenant of good faith claim to the breach of CBA claim.  (*Id.*)  With respect to Plaintiff's breach of the implied covenant of good faith claim, LSHV argued it should be dismissed because the claim is preempted by the LMRA.  (ECF No.

17 at 11–12.) The Court agreed, noting that because the CBA is the only contract between the parties and resolution of the implied covenant of good faith claim necessitates interpretation of the CBA, federal law preempts Plaintiff's claim that LSHV breached an implied covenant of good faith. (ECF No. 35 at 24–25.)

Upon consideration of the arguments contained in Footnote 31, and, by extension, the arguments made in support of dismissal of Plaintiff's breach of implied covenant of good faith claim, the Court finds that dismissal of Plaintiff's breach of CBA claim is warranted. Like Plaintiff's breach of the implied covenant of good faith claim, Plaintiff's claim for breach of the CBA demands interpretation of the CBA; therefore, the Court's determination that the breach of implied covenant of good faith claim is preempted by the LMRA applies with equal force to Plaintiff's claim for breach of the CBA.

LSHV further argues that, to the extent Plaintiff seeks to assert a claim under Section 301 of the LMRA arising out of his termination, such a claim fails because Plaintiff failed to exhaust the CBA's grievance and arbitration procedures. (ECF No. 17 at 3–5.) While the Complaint did not explicitly assert a Section 301 claim, such a claim would in any event not survive the motion to dismiss stage. First, Plaintiff failed to exhaust the CBA's grievance and arbitration procedures. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983) ("[A]n employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement."). Second, Plaintiff is not exempt from exhaustion of the CBA procedures under either exception articulated in *Vaca v. Sipes*, 386 U.S. 171, 184–85 (1967). In particular, the Union does not have the sole power to pursue a termination-related grievance under the CBA, nor does the Complaint allege that LSHV repudiated the grievance procedures.[1]

---

[1] In his opposition to the motion for reconsideration, Plaintiff raises, for the first time, the argument that LSHV is estopped from asserting a failure to exhaust defense. (Opposition to Motions for Reconsideration, or ECF No. 47 at

Accordingly, Plaintiff's claim that LSHV breached the CBA is dismissed.

## II. Union Motion for Reconsideration

The Union seeks reconsideration of the Motion to Dismiss Opinion with respect to (1) Plaintiff's DFR Claim and (2) Plaintiff's fraud claim. (ECF No. 39.) The Court will address each of these claims in turn.

### A. DFR Claim

In the Motion to Dismiss Opinion, the Court upheld Plaintiff's claim that the Union breached its duty of fair representation in declining to grieve Plaintiff's termination (the "Termination DFR Claim"). (ECF No. 35 at 13–15.) In doing so, the Court declined to take judicial notice of a document the Union contended would prove it did not act in an arbitrary manner in deciding not to grieve Plaintiff's termination because doing so would require the Court to weigh evidence—an action not appropriate at this stage. (*Id*. at 14.)

On reconsideration, the Union argues that, to the extent the Court dismisses Plaintiff's breach of CBA claim, it should likewise dismiss the Termination DFR Claim. (ECF No. 39 at 3) (citing *White v. White Rose Food, a Div. of DiGiorgio Corp.*, 237 F.3d 174, 178 (2d Cir. 2001); *Acosta*, 410 F. Supp. 2d at 309). Where a plaintiff asserts a hybrid duty of fair representation and §301 claim, "if the employer is not liable to the employee, neither is the union." *Acosta v. Potter*, 410 F. Supp. 2d 298, 309 (S.D.N.Y. 2006) (citing *DelCostello*, 462 U.S. at 165); *see also Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570–71 (1976) ("To prevail against either the company or the Union, petitioners must not only show that the discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union.").

---

1-2. In particular, Plaintiff argues that because LSHV sought a stay of the arbitration proceeding, LSHV is prevented from relying upon the exhaustion defense. *Id*. at 2. However, LSHV sought a stay of arbitration with respect to disposition of the involuntary transfer and suspension grievances, which is wholly unrelated to a claim arising out of his termination.

Furthermore, this is not the case where Plaintiff asserts an independent basis for the duty of fair representation claim separate and apart from the hybrid claim. *See Acosta*, 410 F. Supp. 2d at 309 (citing *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559–62 (6th Cir. 1990); *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138 (2d Cir. 1994)).  Having determined that Plaintiff's breach of contract claim against LSHV fails, the Court accordingly dismisses Plaintiff's Termination DFR Claim against the Union.

### A. Fraud Claim

Next, the Union asks the Court to reconsider its decision to uphold Plaintiff's fraud claim. The Complaint asserts an identical fraud claim against both the Union and LSHV. Both Defendants moved to dismiss the fraud claim in separate motions on separate grounds. LSHV contended that Plaintiff failed to plead the fraud claim with particularity, whereas the Union argued that Plaintiff's fraud claim is preempted. In the Motion to Dismiss Opinion and Order, the Court was persuaded by LSHV's argument that Plaintiff failed to plead the fraud claim with particularity and therefore dismissed the claim as against LSHV. (ECF No. 35 at 23.) However, the Court determined that Plaintiff's fraud claim is not preempted by the LMRA and declined to dismiss the fraud claim as against the Union. (ECF No. 35 at 22.)

On reconsideration, the Union asserts that dismissal of the fraud claim against the Union is warranted on the same basis raised by LSHV in its original motion papers. Though the Union proffers no reason or excuse as to why it failed to raise the heightened pleading standard defense to Plaintiff's fraud claim in its original motion papers, the Court recognizes that such a defense is equally valid for the Union as it is for LSHV. While *pro se* plaintiffs are typically afforded greater latitude with respect to pleading requirements, "licensed attorneys proceeding *pro se* need not be afforded the same" liberal standard. *Smith v. New York Presbyterian Hops.*, 254

Fed. App'x 68, 70 (2d Cir. 2007). Consequently, Plaintiff—a licensed attorney—was required to plead his fraud claim with particularity. In light of the fact that Plaintiff's fraud allegations are the same for both the Union and LSHV and the Court's previous determination that Plaintiff failed to plead fraud with particularity, and in the interests of judicial economy, the Court dismisses the fraud claim against the Union.

## CONCLUSION

For the foregoing reasons, Defendants' motions for reconsideration are GRANTED. The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 38 and 40. The parties are directed to appear for the previously scheduled pre-motion conference on May 20, 2016 at 12:15 p.m.

Dated: May 13 2016  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge

6